**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Willie C. TONEY, a.k.a. Anthony Toney, a.k.a. Tony, Defendant–Appellant.**

**No. 12–15297**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 12, 2013.

Linda Julin Mcnamara, Robert E. O'Neill, Josephine W. Thomas, U.S. Attor-

---

ney'S Office, Tampa, FL, for Plaintiff–Appellee.

Howard C. Anderson, Rosemary Cakmis, Donna Lee Elm, Federal Public Defender's Office, Tampa, FL, for Defendant–Appellant.

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Willie Toney appeals his 262–month sentence for possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e), arguing it is substantively unreasonable in light of the record and the sentencing factors set forth in 18 U.S.C. § 3553(a). After careful review, we affirm.

We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir.2010) (*en banc*). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.2010).

Toney has not met his burden of demonstrating that his sentence was unreasonable. His sentence was within his guidelines range and we ordinarily expect a guidelines sentence to be reasonable. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir.2005). The court considered the statutory factors and discussed several of them in detail, including: the nature and circumstances of Toney's offense (threatening his girlfriend, punching her pregnant daughter in the face, pointing a knife at his girlfriend's niece, and firing two gunshots in front of his girlfriend's residence); Toney's history and characteristics, including his prior convictions for several violent offenses; and the need for a lengthy sentence to promote respect for the law, deter Toney's criminal conduct, and protect the public. *See* 18 U.S.C. § 3553(a). Although Toney contends that his advanced age and history of mental health issues warranted a below-guidelines sentence, the district court considered these arguments and concluded the countervailing considerations required a longer term of imprisonment. We cannot say this determination was an abuse of discretion. *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir.2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." (alterations and internal quotation marks omitted)).

**AFFIRMED.**